```
                      UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF OHIO
                           WESTERN DIVISION
                                - - -
```

| | | |
|---|---|---|
| NATIONAL ASSOCIATION OF SOCIAL WORKERS; WOMEN HAVE OPTIONS, INC., | : | CASE NO. 1:22-cv-0258 |
| | : | **TELEPHONIC STATUS CONFERENCE** |
| Plaintiffs, | : | |
| vs. | : | 17th day of May, 2022 |
| | : | 3:02 p.m. |
| CITY OF LEBANON, OHIO; MAYOR MARK MESSER, in his official capacity as Mayor; CITY MANAGER SCOTT BRUNKA, in his official capacity as City Manager; CITY ATTORNEY MARK YURICK, in his official capacity as City Attorney; CHIEF OF POLICE JEFFREY MITCHELL, in his official capacity as Chief of Police, | : | |
| Defendants. | : | |

- - -

**TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE SUSAN J. DLOTT, JUDGE**

- - -

APPEARANCES:

For the Plaintiffs:

    Beatrice "Jessie" Hill, Esq.
    Rebecca L. Kendis, Esq.
    Case Western Reserve University School of Law
    11075 East Boulevard
    Cleveland, Ohio 44106
                      and
    Sean A. Lev, Esq.
    Kristen P. Miller, Esq.
    John T. Lewis, Esq.
    Democracy Forward Foundation
    PO Box 34553
    Washington, DC 20043
                      and

```
           Freda J. Levenson, Esq.
           Elena Thompson, Esq.
           ACLU of Ohio
           1108 City Park Avenue, Suite 203
           Columbus, Ohio 43206

For the Defendants:

           Jonathan F. Mitchell, Esq.
           Mitchell Law, LLC
           111 Congress Avenue, Suite 400
           Austin, Texas 78701
                                and
           Joseph C. Pickens, Esq.
           Isaac Wiles Burkholder & Teetor, LLC
           Two Miranova Place, Suite 700
           Columbus, Ohio 43215-5098
                                and
           Mark S. Yurick, Esq.
           City of Lebanon, Ohio
           50 South Broadway
           Lebanon, Ohio 45036

Law Clerk:         Michael Soder, Esq.

Courtroom Deputy:  William Miller

Stenographer:      Lisa Conley Yungblut, RDR, RMR, CRR, CRC
                   United States District Court
                   100 East Fifth Street
                   Cincinnati, Ohio 45202
```

**Proceedings recorded in stenotype.**
**Transcript produced with computer-aided transcription.**

1    PROCEEDINGS

2         (Proceedings held by teleconference at 3:02 p.m.)

3         THE DEPUTY: Hi, Counsel. This is Bill from Judge
4    Dlott's chambers. Let me start with defense counsel on the
5    phone. Do we have Mark Yurick on the phone?

6         MR. YURICK: Yes, I'm here.

7         THE DEPUTY: Mr. Yurick. And you also mentioned
8    that Joseph Pickens wanted to participate also?

9         MR. PICKENS: Yes, Mr. Miller. This is Joe Pickens
10   from the Isaac Wiles firm. I'm here as well on behalf of
11   the City of Lebanon.

12        THE DEPUTY: Are there any other defense counsel on
13   the phone?

14        MR. YURICK: Yes, Your Honor, I believe so.
15   Mr. Mitchell, are you there? Hello?

16        MR. MITCHELL: Hi, I'm here. This is Jon Mitchell.
17   I'm here on behalf of the City of Lebanon.

18        MR. YURICK: Mr. Mitchell will also be acting as
19   defense counsel.

20        THE DEPUTY: Who are you with?

21        MR. MITCHELL: My own law firm.

22        THE DEPUTY: Who is that, I'm sorry?

23        MR. MITCHELL: I'm with Mitchell Law, LLC.

24        THE DEPUTY: Where are you located?

25        MR. MITCHELL: Austin, Texas.

1      THE DEPUTY: And are you admitted to the Southern
2 District of Ohio?
3      MR. MITCHELL: I am not, but I have a pro hac vice
4 application. I've already filled it out.
5      THE DEPUTY: Okay. Then, for plaintiff, do we have
6 all plaintiff counsel on the docket sheet? I'll name them:
7 Elena Thompson, Freda Levenson, John Lewis, Kristen Miller,
8 Rebecca Kendis, Sean Lev, and Beatrice Hill. Is there
9 anybody else on the call for the plaintiff?
10    Okay. And are all of those counsel present?
11     MS. HILL: Yes, they are.
12     THE DEPUTY: Thank you. Also on the conference
13 call today by telephone is our courtroom -- or court
14 reporter, Lisa Conley Yungblut. Here in chambers, I have
15 Judge Dlott; the law clerk is Michael Soder. And we are
16 here today for a status conference in Case No. 1:22-cv-258,
17 *National Association of Social Workers versus the City of*
18 *Lebanon*. And if everybody could please identify themselves
19 before they speak. Thank you.
20     THE COURT: Good afternoon, Counsel. I assume you
21 all have copies of the pleadings at this point. I guess I'm
22 speaking to the defendant. I know the plaintiffs obviously
23 do. The reason we're having this conference is that in
24 preliminary injunction cases, I usually move as quickly as
25 possible, and I've received already a memo regarding the

1    preliminary injunction ordering the alternative, their
2    motion for an expedited summary judgment.
3        And my first question is:  How long do the plaintiffs
4    want to respond to it, and is there a possibility that they
5    might -- that you might agree to the preliminary injunction
6    pending resolution of this lawsuit?  I know that's a couple
7    of questions, and I don't know -- who's speaking for the
8    defendant?
9        MR. MITCHELL:  Your Honor, this is Jonathan
10   Mitchell.  I'll speak for the defendant, at least initially
11   to answer Your Honor's question.
12       THE COURT:  Thank you, Mr. Mitchell.
13       MR. MITCHELL:  Thank you, Your Honor.  The City of
14   Lebanon will amend the ordinance in response to this lawsuit
15   in a way that will in our view obviate the basic challenges
16   that the plaintiffs are raising.  I don't think the City
17   will be able to complete that process before the two-week
18   deadline to respond to the motion for preliminary
19   injunction, but I certainly think the defendants would be
20   willing to stipulate that they won't enforce the ordinance
21   in the manner feared by the plaintiffs while this litigation
22   is pending.
23       I don't think that will be a problem for our client to
24   make a stipulation of that sort.  I haven't drafted it yet
25   and I haven't conferred yet with counsel for the plaintiffs,

```
 1    but that's what we are willing to do, and I think that
 2    should be able to alleviate any concerns that the plaintiffs
 3    might have on which they are currently seeking emergency
 4    relief.
 5            THE COURT:  Okay.  Who wants to speak for the
 6    plaintiffs?
 7            MS. HILL:  Your Honor, this is Jessie Hill.  You
 8    have me on the papers as Beatrice Hill, but I actually go by
 9    my middle name, Jessie, for the plaintiff.  We would be
10    willing to agree or to accept that, you know, that
11    defendants do not need to respond within two weeks if before
12    then we can get some sort of order on the record that the
13    defendants will not enforce the ordinance against our
14    clients and that -- you know, also that they would not take
15    action in the future against our clients for anything that
16    the -- or that they would not prosecute our clients for any
17    actions taken during the pendency of that agreement.  But if
18    that's the case, then, you know, if we can agree on an order
19    not to enforce, then, we are fine with that, with extending
20    the period.
21            THE COURT:  Okay.  Mr. Mitchell?
22            MR. MITCHELL:  I think that's fine.  The only
23    caveat that I would add -- and I may have to discuss this
24    off line with plaintiff's counsel -- is that I want to make
25    clear, if we agree to an order that is entered by the Court,
```

1  that we're not in any way conceding the possibility of
2  attorneys' fees or prevailing party status.  So, again, we
3  may need to discuss that with plaintiff's counsel.  I think
4  we can work that out.  But that is my only hesitation that I
5  would have, is memorializing an order that is signed by the
6  Court, I don't want to be doing that and subject my clients
7  to attorneys' fees under Section 1988 by making that type of
8  agreement.
9        MS. HILL:  Your Honor, this is Jessie Hill.  I'm
10 certain we could work something out with respect to that
11 issue.  That also doesn't strike me as a major obstacle as
12 long as we can agree to language.  We would insist in
13 something being on the record as an agreed order that the
14 defendants will not enforce.
15       THE COURT:  Okay.  That all seems reasonable by
16 both sides.  I'm looking to see, so what would the deadline
17 be that was set originally?
18       MR. SODER:  Originally, two weeks to respond from
19 the date of service and a week to reply.
20       THE COURT:  The date of service I believe was the
21 13th; is that correct, Mr. Yurick, or --
22       MR. YURICK:  Yes, yes, I believe that's correct,
23 Your Honor.
24       THE COURT:  All right.  So normally the day to
25 respond would be -- is it the 27th, Bill?  The 27th, okay,

```
1    it would be the 27th.  Just so we don't run out of time,
2    maybe a conference call sometime the middle of -- either the
3    middle -- yeah, I think the middle of next week to see if
4    you're at -- to see if we need to extend that date or not I
5    think would be helpful.  I'd say maybe Wednesday, the 25th.
6    Why don't we have another call, conference call, Wednesday,
7    the 25th, just so I can gauge where you are and see if I
8    need to amend my scheduling order, and you can also give me
9    some indication of where you're at at that time.  Bill
10   suggests 10:00 a.m. on the 25th.
11            MS. HILL:  That works for me, Your Honor.  This is
12   Jessie Hill for the plaintiff.
13            THE COURT:  Okay.
14            MR. PICKENS:  This is Jim Pickens.  It works for me
15   as well on behalf of the City of Lebanon.
16            THE COURT:  Okay.
17            MR. MITCHELL:  It also works for me, Your Honor.
18   This is Jonathan Mitchell on behalf of defendant.
19            THE COURT:  Great.  All right.  Then, I'll speak
20   with you all next Wednesday, and I hope between now and then
21   you can come to some sort of an agreement that we can use to
22   put on an order.
23       Is there anything else that the parties wish to bring
24   up at this point?
25            MR. YURICK:  Your Honor, this is Mark Yurick.  This
```

1  is sort of an aside, and I just wanted to apologize to the
2  Court for not being available last week.  I wasn't aware
3  that there was going to be a telephone conference.  I didn't
4  mean any disrespect to the Court, obviously.
5       THE COURT:  Oh, Mr. Yurick, I think I know you from
6  some earlier life and I appreciate what a professional you
7  are, and I'm certain that it was not on purpose that that
8  happened.  I know we sent out the order very late because we
9  were unable to reach you earlier by phone, and I can
10 understand your not getting to it.  So that's no problem at
11 all.
12      MR. YURICK:  Thank you very much, Your Honor,
13 appreciate that.
14      THE COURT:  Anything else, Counsel?
15   All right.  Okay.  I'll speak with you all next week.
16 Good luck on working something out.
17      MR. YURICK:  Thank you very much, Your Honor.
18      MS. HILL:  Thank you, Your Honor.
19      (Proceedings concluded at 3:13 p.m.)

20                    **C E R T I F I C A T E**

21    In accordance with 28 U.S.C. Section 753, I certify
   that the foregoing is a correct transcript of the record of
22 proceedings in the above-entitled matter prepared from my
   stenotype notes and that the transcript page format is in
23 accordance with the regulations of the Judicial Conference
   of the United States.
24
        /s/ *Lisa Conley Yungblut*                    06/23/2022
25     LISA CONLEY YUNGBLUT, RDR, RMR, CRR, CRC         DATE